UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUIS RIANNE GUERRERO LOPEZ, <br> A# 213 467 301, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, United States Attorney General; ALEJANDRO MAYORKAS, Secretary, United States Department of Homeland Security; DEBORAH ACHIM, ICE Field Office Director; RAY CASTRO, Warden, South Texas ICE Processing Center,[1] <br><br> Respondents. | § <br> § <br> § <br> § <br> § <br> § § SA-20-CV-01277-DAE <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

### ORDER OF DISMISSAL

Before the Court is Petitioner Luis Rianne Guerrero Lopez's ("Lopez") 28 U.S.C. § 2241 Amended Petition for Writ of Habeas and Respondents' Response and Motion for Summary Judgment. (ECF Nos. 7, 13). Upon review, the Court orders Lopez's Amended Petition and Respondents' Response and Motion for Summary Judgment **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF Nos. 7, 13). The Court also orders Lopez's Amended Petition **DISMISSED WITHOUT PREJUDICE FOR WANT OF PROSECUTION**. (ECF No. 7).

---

[1] The Federal Rules of Civil Procedure allow for the automatic substitution of an official's successor for an official sued in his official capacity. FED. R. CIV. P. 25(d). Merrick B. Garland was appointed as United States Attorney General, replacing Monty Wilkinson who was serving as Acting United States Attorney General. Additionally, Alejandro Mayorkas was appointed as Secretary of the Department of Homeland Security, replaing Federal Emergency Management Agency Administrator Pete Gaynor who was serving as Interim Head of the Department of Homeland Security. Therefore, the Clerk of Court is directed to change the style of the case to reflect these changes as set out in the style of this Order.

ANALYSIS

*Dismissal Without Prejudice as Moot*

"Article III of the Constitution limits federal 'Judicial Power' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *Id.* In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

In his original and Amended Petitions, Lopez requested that he be released from detention: (1) on his own recognizance; (2) on parole; (3) on low bond; or (4) on reasonable conditions of supervision. (ECF Nos. 1, 7). On March 30, 2021, Respondents filed an Advisory with supporting documentation showing Lopez has been released. (ECF No. 14, Exh. A). Additionally, using the Immigration and Customs Enforcement ("ICE") "Online Detainee Locator System," operated by the Department of Homeland Security, the Court has determined Lopez is no longer detained by ICE. https://locator.ice.gov/odls/#/results. (last visited Mar. 31, 2021). The locator system returned "zero (0) matching records" in response to a search using both Lopez's "A–Number" and country of origin and his name and country of origin. *Id.* Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with

2

a favorable judicial decision, rendering his Amended Petition moot and subject to dismissal. *See Spencer*, 523 U.S. at 7.

### *Dismissal Without Prejudice for Want of Prosecution*

When Lopez filed his original and Amended Petitions, he was confined in the South Texas ICE Processing Center. (ECF Nos. 1, 7). As noted above, Respondents have filed an Advisory stating Lopez has been released. (ECF No. 14, Exh. A). As further noted above, the Court searched for Lopez using the Immigration and Custom Enforcement online locator service and discovered he is no longer detained by ICE and is therefore no longer in the South Texas ICE Processing Center. *See* https://locator.ice.gov/odls/#/results. However, Lopez has failed to notify this Court of any change of address as he was advised to do in this Court's October 29, 2020 case opening letter. (ECF No. 2). The letter warned Lopez that if he did not keep the Court apprised of his current address it could result in dismissal of his case for want of prosecution. (*Id.*).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is

neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

By failing to provide this Court with his current address as required by the Court's letter and case law interpreting Rule 41(b), Lopez has prevented this Court from communicating with him and moving this case towards resolution. He has, therefore, failed to diligently prosecute this case as required. Accordingly, based on his failure to provide the Court with a current address, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

## CONCLUSION

Lopez is no longer detained by ICE, rendering his section 2241 Amended Petition moot and subject to dismissal. Additionally, Lopez has failed to notify the Court of his change of address, subjecting his case to dismissal for want of prosecution.

**IT IS THEREFORE ORDERED** that Petitioner Luis Rianne Guerrero Lopez's 28 U.S.C. § 2241 Amended Petition for Writ of Habeas Corpus (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

**IT IS FURTHER ORDERED** that Respondents' Response and Motion for Summary Judgment (ECF No. 13) is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

**IT IS FINALLY ORDERED** that Petitioner Luis Rianne Guerrero Lopez's 28 U.S.C. § 2241 Amended Petition for Writ of Habeas Corpus (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to FED. R. CIV. P. 41(b).

**SIGNED** April __1__, 2021.

_____
David Alan Ezra
Senior United States District Judge